**DUBONNET v. MARSHALL, Secretary of State.**

**Civ. A. No. 1859.**

United States District Court
District of Columbia.

June 11, 1948.

As Amended Oct. 25, 1948.

Motion for New Trial Denied Oct. 25, 1948.

William P. MacCracken, of Washington, D. C., for plaintiff.

George M. Fay, U. S. Atty., of Washington, D. C., for defendant.

906

BAILEY, District Judge.

Plaintiff, in this case, brought this suit for a declaratory judgment to the effect that she is a National of the United States and to require the defendant to cancel a Certificate of the Loss by her of the Nationality of the United States. She was a native-born citizen of the United States, but is now the wife of a French citizen, her third husband, the preceding two husbands having also been Frenchmen. She has lived in France a good many years, but claims that during the recent World War she was engaged in transporting French and English prisoners of war from the German prison-of-war camps to hospitals in Paris, and rendered other humanitarian services; that when the relations between the United States and Germany became strained, she obtained false French identity cards in order to permit her to carry on her activities in the event of a declaration of war between Germany and the United States; that after that declaration of war she continued her activities under the guise of a French national, although, she claims, that she had not applied for French nationality, had not taken any oath of allegiance to France but regarded herself as a loyal American citizen; that she posed as a French national to deceive the Germans in order to continue her humanitarian services, but was denounced by the German Gestapo as being an American national with false French identity; that she was warned by the French police that unless she accepted the protection, which the French citizenship would afford her, that she would be taken into custody by the Gestapo and either sent to one of the concentration camps or might be executed; that believing her life was in danger and that her humanitarian activities might terminate, that the only way to protect her own life and to continue the humanitarian activities was to accept French nationality. She made application for French nationality and it was granted to her in recognition of the services which she had rendered to the French people. She claims, however, that she did not intend to renounce her United States nationality but merely intended to deceive the Germans in order to protect her own life and to carry on with her humanitarian activities.

She claims that her conduct in acquiring French nationality was due to duress and that her action in so doing was void ab initio.

I cannot believe that the German Gestapo were ignorant of the real facts in the case nor that she actually believed that unless she became a French citizen her life was in danger, nor do I give much weight to her claim of any love for American citizenship. She has lived in Paris for a great many years. She has married three times. Her first husband was an American, living in France, the others were Frenchmen. I am not satisfied that her action in obtaining French nationality was due solely for fear of her life or of her freedom. Her action in obtaining French nationality was not due to any duress executed by the French Government and the mere fact that she may have feared action by the German Gestapo, is not, in my opinion, ground for the relief which she seeks in this count. She could, of course, take any action she desired in France for the purpose of setting aside her French citizenship, if in fact the courts of that country were convinced that she acted under duress.

The complaint will be dismissed.

## On Motion for New Trial

In this case I see no reason for changing my former decision. I did make a mistake in stating that the plaintiff had married three Frenchmen in succession. Her first husband was an American living in France but the other two were Frenchmen. I have amended by former opinion accordingly.

The motion for a new trial will be overruled and I shall ask counsel for the defendant to submit tentative findings of fact and conclusions of law.